United States Courts
Southern District of Texas
FILED

FEB 1 3 2002

Michael N. Milby, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LATTICE COMMUNICATIONS, INC. | § | CASE NO. 01-80358-G3-11 |
| | § | |
| Debtor. | § | |

## DEBTOR'S PLAN OF REORGANIZATION

Lattice Communications, Inc. (the "Debtor"), proposes the following Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter 11 of the Bankruptcy Code, 11 U.S.C. Sections 1101 et seq.:

### I

### DEFINITIONS

The following terms, when used in the Plan, shall unless the context otherwise requires, have the following meanings, respectively:

**1.01 ADMINISTRATIVE EXPENSE or ADMINISTRATIVE CLAIM:** an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority pursuant to Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

**1.02 ALLOWED AMOUNT:** the amount of any Allowed Claim.

**1.03 ALLOWED CLAIM:** means (i) any Claim, (A) proof of which has been timely filed with the Court or (B) which has been scheduled by the Debtor and not shown as disputed, contingent, or unliquidated; and (C) as to which no objection has been filed by the deadline set

-1-

by the Court or the Claim has been allowed by Final Order of the Court; and (ii) any Administrative Claim for which a motion or fee application has been filed and approved by the Court.

**1.04 ALLOWED SECURED CLAIM:** Allowed secured claims means an allowed claim that is also a secured claim.

**1.05  BANKRUPTCY CODE:** the United States Bankruptcy Code, as contained in Title 11 U.S.C. Section 101 <u>et seq.</u> and amendments thereto.

**1.06  BANKRUPTCY COURT:** the United States Bankruptcy Court for the Southern District of Texas, Galveston Division.

**1.07  BAR DATE:** the deadline previously established by the court, after which any proof of claim filed will have no effect on this Plan and no right to participate with other creditors under the Plan.  Pursuant to the Notice of Meeting of Creditors promulgated by the Court, the bar date occurs 90 days after the first date set for the meeting of creditors.  In the instant case, the meeting of creditors was held on October 18, 2001.

**1.08  CLAIM:** a right to payment from the Debtor's Estate, which is evidenced by a timely filed Proof of Claim which is allowed by the Court, or if a Proof of Claim is not filed by the creditor, a right which otherwise appears in the Debtor's bankruptcy schedules and (I) is not listed as disputed, contingent or unliquidated and not subject to an Objection by the Debtor, or (ii) has not been resolved by Final Order of the Court in this reorganization case.

**1.09  CLAIMANT:** the holder of a Claim.

**1.10  CLASS:** any class into which Claims are classified pursuant to section II.

**1.11  CONFIRMATION:** the entry by the Bankruptcy Court of an order confirming

the plan in accordance with Chapter 11 provisions of the Bankruptcy Code.

1.12 **CONFIRMATION HEARING:** the date set by the Court pursuant to §1128 of the Bankruptcy Code for hearing on confirming the Plan on which the Court determines that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to confirmation.

1.13 **CONFIRMATION ORDER:** the order of the Bankruptcy Court confirming the Plan.

1.14 **CREDITOR:** all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever, as defined in §101(4) of the Bankruptcy Code.

1.15 **DEBTOR:** Lattice Communications, Inc..

1.16 **DISBURSING AGENT:** Richard Koseluk, the president of the Debtor.

1.17 **DISCLOSURE STATEMENT:** the Debtor's Disclosure Statement as presently filed or amended, including all exhibits attached thereto, prepared pursuant to Sections 1125 of the Bankruptcy Code for the Solicitation of Ballots, and all supplements and amendments thereto.

1.18 **DISPUTED CLAIM**: A Claim, including an Administrative Expense, against the Debtor (a) as to which an objection has been filed on or before the deadline for objecting to a Claim by the Debtor or any party in interest and which objection has not been withdrawn or resolved by entry of a Final Order, or (b) which is listed as contingent, unliquidated or disputed in the Debtor's Schedules.

1.19 **EFFECTIVE DATE:** the thirtieth day following the date the Confirmation Order has been entered if the Confirmation Order has not been stayed on appeal. If the

Confirmation Order is stayed on appeal, the Effective Date shall be 30 days after such stay is dissolved by Final Order.

    1.20    **EQUITY INTEREST HOLDER:** shareholders of the Debtor.

    1.21    **ESTATE:** the estate created by Section 541 of the Bankruptcy Code upon the commencement of this case under Chapter 11 of the Bankruptcy Code with respect to the Debtor.

    1.22    **FILED:** filed with the Clerk of the Bankruptcy Court.

    1.23    **FINAL DECREE** shall mean the order of the Court entered after all payments and distributions of monies called for under the Plan have been made (i) discharging the Trustee and canceling his bond, (ii) making provision by way of injunction or otherwise as may be equitable, and (iii) closing the reorganization case.

    1.24    **FINAL ORDER** shall mean an order of the Bankruptcy Court which has not been reversed, modified or amended and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become conclusive of all matters adjudicated thereby and is in full force and effect.

    1.25    **INTEREST HOLDER** means the holder of an equity interest in the Debtor.

    1.26    **LIEN** shall mean mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on property which is effective under applicable law as of the date of the commencement of the reorganization case.

    1.27    **PETITION DATE** means the date on which the Debtor filed its Petition for relief under Chapter 11 of the Bankruptcy Code, which is August 29, 2001.

    1.28    **PLAN** means this Plan of Reorganization in its present form or as it may be amended, modified or supplemented.

1.29 **PRIORITY CLAIM** means an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority under Section 507(a)(1-6) of the Bankruptcy Code

1.30 **PRIORITY TAX CLAIM** means an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority under Section 507(a)(7) of the Bankruptcy Code.

1.31 **PRO RATA SHARE** shall mean the amount which is the result of multiplying the monies available for distribution to a named class of creditors by that fraction in which the numerator is the allowed amount of a particular claim in the named class and the denominator is the total of the amounts of all the claims in the named class.

1.32 **PURCHASE MONEY LENDERS:** entities providing purchase money financing to Debtor for the purchase of equipment essential to Debtor's operations.

1.33 **REORGANIZATION CASE** means the case for reorganization of the Debtor pending in the Bankruptcy Court.

1.34 **REORGANIZED COMPANY or REORGANIZED DEBTOR** means Lattice Communications, Inc. from and after the Confirmation Date.

1.35 **SECURED CLAIM** means the Claim of a Creditor who holds a lien, security interest, or other encumbrance on property of the Debtor's estate as security for repayment, and which lien, security interest, or other encumbrance has been properly perfected as required by law, but only to the extent such Claim has been allowed by the Court pursuant to § 502 of the Code, is not avoided pursuant to any provision of the Code, and the Claim does not exceed the value of the security as determined in accordance with Section 506 of the Bankruptcy Code.

1.36    **UNSECURED CLAIM** means an Allowed Claim for which a Claimant asserts and is the holder of or found by Court Order **not to** hold a valid, perfected and enforceable lien, security interest or encumbrance against property of the Debtor.

1.37    **UNSECURED CREDITOR** shall mean the holder of an unsecured claim.

## II.

## CLASSIFICATION OF CLAIMS AND INTERESTS

All Claims and Interests against the Company of whatever nature, whether or not scheduled, liquidated or unliquidated,, absolute or contingent, including all Claims arising from transactions of the Company or rejection of executory contracts and/or unexpired leases and all Interests arising from the ownership of the Company, whether resulting in an Allowed Claim or not, shall be bound by the provisions of this Plan. The Claims and Interest are hereby classified as follows:

  2.01 Class 1 -  Allowed Administrative Claims or Expenses;

  2.02 Class 2 -  Allowed Priority Wage Claims;

  2.03 Class 3 -  Allowed Priority Tax Claims;

  2.04 Class 4 -  Allowed Secured Claims ;

  2.05 Class 5 -  Allowed Unsecured Claims;

  2.06 Class 6 -  Equity Security Holders.

## III

## CONCEPT AND IMPLEMENTATION OF THE PLAN

**3.01 Plan Rationale.** This plan calls for continued operation of the Debtor's business. Debtor will pursue efforts to conduct its business and collect its receivables. Debtor believes that

due to the familiarity of Debtor's management with the assets remaining in the estate, the continued operation by the Debtor's current management will achieve a higher return for creditors. Distributions under the Plan will occur on the Effective Date and monthly thereafter. The right to pursue avoiding power actions, if any, will be vested in the Reorganized Debtor in the same way as any other litigation asset.

**3.02 Implementation of the Plan.** Implementation of the Plan requires entry of an order by the Bankruptcy Court confirming the Plan. The Plan is to be implemented, if accepted and approved by the Bankruptcy Court, in its entire form. The Debtor proposes to effectuate the Plan by making distributions to its creditors in the order of priority as provided in this Plan as proceeds become available.

### IV.

### SPECIFICATION OF ALL CLAIMS IMPAIRED AND NOT IMPAIRED UNDER THE PLAN

Classes 1, 2, and 3 are unimpaired. All other classes under the Plan are impaired.

### V.

### SPECIFIC TREATMENT OF CLAIMS

**Class 1 - Administrative Expenses.** Class 1 is unimpaired. Class 1 are Claims entitled to priority by Section 507(a)(1) of the Bankruptcy Code. All claims in this class for which an application and order of the Court are required shall be paid in cash and in full when such claims are allowed and approved by the Court after the Effective Date. All pre-confirmation quarterly fees assessed pursuant to 28 U.S.C. §1930(a)(6) shall be paid on or before the Effective Date. All claims incurred by the Debtor on open account post-petition will be paid in accordance with

existing credit terms between such creditor and the Debtor. The Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this chapter 11 case, or enters an order either converting this chapter 11 case to a case under chapter 7 or dismissing this chapter 11 case. After confirmation, the Reorganized Debtor shall file with the Bankruptcy Court and shall serve on the United States Trustee a financial report for each quarter, or portion thereof, that this chapter 11 case remains open in a format prescribed by the United States Trustee.

Debtor anticipates that attorneys fees will be paid in full from the retainer paid to counsel prior to the Petition Date.

**Class 2 - Allowed Priority Wage Claims.** Class 2 is unimpaired. Class 2 shall receive payments under the Plan for wages earned during the three months prior to the Date of the Petition, in an amount not to exceed $4,000.00 pursuant to 11 U.S.C. § 507(a)(3). The scheduled Class 2 Claim is:

| Employee | Eligible Earnings Period 5/29/01-8/29/01 | Amount Not to Exceed $4,000 00 pursuant to 11 U.S.C. § 507(a)(3) |
|---|---|---|
| Charles H. White | $2,083.00 | $2,083.00 |

**Class 3 - Allowed Priority Tax Claims.** Class 3 is unimpaired. All claims in this class shall be paid in accordance with 11 U.S.C. § 1129(a)(9)(c) when such claims are allowed and approved by the Court after the Effective Date. Class 3 claims will be paid in full over the course of four years in monthly payments in the amount of $364.00. The scheduled Class 3 Claim is:

| Claim No. 10 , filed 11/19/01, for the tax period of 6/01/01 to 8/29/01. | Texas Comptroller of Public Accounts | $17,500.32 |
|---|---|---|

**Class 4 - Allowed Secured Claims.** Class 4 is impaired. Class 4 shall retain its pre-petition and post-petition liens in and to all of the assets of the Debtor and its estate. The Debtor will voluntarily surrender all collateral in its possession securing the respective secured parties claims. Thereafter, any deficiency owing to a Class 4 Claimant after the liquidation or return of their collateral shall be treated as a Class 5 Claim.

**Class 5 - Allowed Unsecured Claims.** Class 5 is impaired. Class 5 consists of allowed unsecured claims over $100.00. The claims in this class total approximately $1,510,779.00. Class 5 claimants will be paid approximately nine cents ($.09) on the dollar of their claim over four (4) years without interest or penalty in pro-rata monthly payments by the Debtor of $2,916.00.

**Class 6 - Equity Interest Holders.** Class 6 is impaired. Class 6 is impaired and consists of the shareholders of the Debtor. Shareholders will retain shares.

## VI.

## ACCEPTANCE OR REJECTION OF THE PLAN

**6.01 Voting.** All creditors are impaired under the Plan and are entitled to vote to accept or reject the Plan.

**6.02 Error in Classification.** In the event that it shall be determined that this Plan has made any error in placing a particular creditor or group of creditors in one class rather than another, then that shall not prevent the Debtor from seeking confirmation of the Plan with the membership of the Classes realigned as determined to be proper by the Court.

**6.03 Cram-down.** The Plan Proponent reserves its right to request confirmation pursuant to Section 1129(b) of the Bankruptcy Code with respect to any Class not accepting the Plan.

## VII

## MODIFICATION OF PLAN

**7.01 Pre-Confirmation.** The Debtor may propose amendments or modifications of this Plan at any time prior to the Confirmation Date, with leave of the Court upon appropriate notice.

**7.02 Post-Confirmation.** After the Confirmation Date, the Debtor may, with approval of the Court, modify the Plan as to any Class, even though such modification materially affects the rights of the Creditors or Interest Holders in such class; provided, however, that any material modifications must be accepted as to Classes of impaired Creditors by at least sixty-six and two-thirds percent (66 2/3%) in the amount of Allowed Claims voting in each such Class and provided further that additional disclosure material needed to support such material modifications (i) shall be approved by the Court in the manner consistent with Section 1125 of the Bankruptcy Code and Rule 3017 of the Rules of Bankruptcy Procedure or (ii) shall previously have been held to be unnecessary and dispensed with by order of the Court. After the confirmation Date, the Debtor may remedy a default or omission, or reconcile any inconsistencies in the Plan, or in the Confirmation Order in a manner consistent with the intentions of the Plan, with approval of the Court with or without notice and a hearing, provided that the remedy does not materially affect the interest of the Creditors or the Interest Holders.

## VIII

## JURISDICTION OF THE COURT

**Continuing Jurisdiction.** Except as otherwise provided herein, the Court shall retain and have exclusive jurisdiction over the Reorganization Case for the following purposes:

(i) To determine any and all objections to the allowance of Claims or Interests except as otherwise provided herein;

(ii) To determine the Allowed Amount of any Claim for the purpose of payment or other treatment under the Plan;

(iii) To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code, contracts with secured Creditors of the Plan;

(iv) To determine any application or motions for the rejection, assumption, or assumption and assignment of any executory contract and to hear and determine, and if need be, to liquidate any and all Claims arising therefrom;

(v) To determine any and all applications, adversary proceedings, and contested matters that may be pending when the Confirmation Order becomes a Final Order;

(vi) To consider any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in any order of the Court, to the extent authorized by the Court;

(vii) To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement, or consummation of the Plan or that may involve or affect the value of assets of the Debtor administered by the Plan;

(viii) To consider and act on the compromise and settlement of any claim against or cause of action by or against the Debtor or any other matter arising under or in connection with the Plan, if requested by the Debtor;

(ix) To issue such orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code; and

(x) To determine such other matters as may be set forth in any order or orders confirming the Plan or which may arise in connection with the Plan.

## IX

## **RESERVATION OF RIGHTS**

Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking by the Debtor or any creditor of any action with respect to the Plan shall (i) be or be deemed to be an admission against interest and (ii) until the effective date, be deemed to be a waiver of any rights which the Debtor might have against a creditor, and until the effective date all such rights are expressly and specifically reserved. In the event that the effective date does not occur, neither the Plan nor any statement contained therein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of the reorganization case.

## X

## **ASSUMPTION OF EXECUTORY CONTRACTS**

**Contracts Rejected Unless Set Forth Below.**

All executory contracts or unexpired leases to which the Debtor was a party on the Filing Date shall be deemed rejected, unless expressly incorporated in the list set forth below of contracts to be assumed, and/or in any motion for leave to assume or reject a particular executory contract on or before the entry of an order approving the Disclosure Statement for the Plan or such later time set by the Court at the request of the Debtor.

| | |
|---|---|
| **Exhibit "B" - Listing of Contracts** | |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 103/T1/HSTNTX0FN00/HSTOTX42DS0/TW<br><br>Type of Contract: PRI |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 108/T1/HSTNTX0FN00/HSTOTX42DS0/TW<br><br>Type of Contract: PRI |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/002804/TW - 2<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003151/TW - 8<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003513/TW - 11<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003514/TW - 12<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003515/TW - 13<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003516/TW - 14<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003521/TW - 15<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003534/TW - 16<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003535/TW - 17<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003541/TW - 19<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003543/TW - 18<br><br>Type of Contract: T1 |

| | |
|---|---|
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003544/TW - 20<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003554/TW - 22<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003571/TW - 23<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 301/T3/HSTOTX42K00/HSTQTX02W03<br><br>Type of Contract: Hubbed DS3 for chan DS3 for 28 T1's |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003711/TW<br><br>Type of Contract: T1 |
| Time Warner Telecom<br>Dept CH10118<br>Palatime, IL 60055-0118<br>888-333-0520 | Contract No. 19/HCGS/003713/TW<br><br>Type of Contract: T1 |
| Level 3 Communications<br>1025 Eldorado Blvd.<br>Broomfield, CO 80021<br>877-453-8353 | Contract No. HSTQTX02-C11.02.018-00001<br><br>Type of Contract: Level 3 Cabinet 12.01 |
| Level 3 Communications<br>1025 Eldorado Blvd.<br>Broomfield, CO 80021<br>877-453-8353 | Contract No. HSTQTX02-C12.02.018-00001<br><br>Type of Contract: Level 3 Cabinet 12.02 |
| Level 3 Communications<br>1025 Eldorado Blvd.<br>Broomfield, CO 80021<br>877-453-8353 | Contract No. HSTQTX02-HSTQTX02-00491<br><br>Type of Contract: DS3 Xconnect for Channel DS3 |
| Level 3 Communications<br>1025 Eldorado Blvd.<br>Broomfield, CO 80021<br>877-453-8353 | Contract No. HSTQTX02-121974-0002<br><br>Type of Contract: Cross Roads port fee |
| Level 3 Communications<br>1025 Eldorado Blvd.<br>Broomfield, CO 80021<br>877-453-8353 | Contract No. HSTNTXOF-TSTQTX02-0005<br><br>Type of Contract: DS3 to Lattice from L3 |
| Level 3 Communications<br>1025 Eldorado Blvd.<br>Broomfield, CO 80021<br>877-453-8353 | Contract No. HSTNTX02-HSTQTX02-00647<br><br>Type of Contract: OC-3 X-connect SWB Native lan |
| Southwestern Bell<br>P.O. BOX 4706<br>Houston, TX 77210-4706<br>800-559-7928 | Contract No. 45.HTGJ.000140.SUV<br><br>Type of Contract: SWB NLAN to Mitsu |
| Southwestern Bell<br>P.O. BOX 4706 | Contract No. 45.HTGJ.000148.SUV |

| | |
|---|---|
| Houston, TX 77210-4706<br>800-559-7928 | Type of Contract: SWB NLAN to Lattice |
| Southwestern Bell<br>P.O. BOX 4706<br>Houston, TX 77210-4706<br>800-559-7928 | Contract No. 28/OBGS/703123/SW<br><br>Type of Contract: NLAN CID at Level 3 |
| The Guardian<br>P.O. BOX 2454<br>Spokane, WA 99210-2454<br>800-459-9401 | Contract No. Account # 00670597<br><br>Type of Contract: Dental Insurance |
| The Hartford<br>P.O. BOX 659519<br>San Antonio, TX 78265<br>800-447-7649 | Contract No. Policy 61UECLG5277<br><br>Type of Contract: Commercial Package |
| The Hartford<br>P.O. BOX 659519<br>San Antonio, TX 78265<br>800-447-7649 | Contract No. Policy 61UUCLK0510<br><br>Type of Contract: Business Owners |
| The Hartford<br>P.O. BOX 659519<br>San Antonio, TX 78265<br>800-447-7649 | Contract No. Policy 61WBCZK4445<br><br>Type of Contract: Workers Comp |
| The Hartford<br>P.O. BOX 659519<br>San Antonio, TX 78265<br>800-447-7649 | Contract No. Policy 61XHUYI4496<br><br>Type of Contract: Umbrella |

**10.02 Claims for Rejection.** Any Allowed Unsecured Claim arising from the Debtor's rejection of any executory contract or lease must be filed within thirty (30) days of the entry of the order rejecting the contract or lease.

## XI.

## EFFECT OF CONFIRMATION AND DEFAULT PROVISION

Upon the date of the final order confirming the Plan:

(A)     The provisions of the Plan shall bind the Debtor and any creditor whether or not they have accepted the plan;

(B)     On the Effective Date, title to all assets and properties dealt with by this Plan shall vest in the Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that the

-15-

Reorganized Debtor shall comply with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If the Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7 prior to substantial consummation, all property vested in the Reorganized Debtor and all substantially acquired property owned as of or after the conversion date shall revest and constitute property of the bankruptcy estate in the converted case;

(C) As related to the property taxing authorities and state franchise tax, Default shall occur if one scheduled Plan payment is not made by Debtor or its current taxes are not paid timely pursuant to state law. In the event of default, Respondent shall send written notice of default to Debtor's attorney. If the default is not cured within ten (10) days after notice of default is received, Respondent shall proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code.

## XII.

## BAR DATES FOR FILING PROOFS OF CLAIM

The Debtor has filed as a part of its schedules a list of all creditors, setting forth the identity of each such creditor and an indication of the amount due each such creditor. Unless a claim is listed as disputed, contingent or unliquidated, each creditor's claim will be allowed in the amount and status stated on the their schedules in absence of filing of a proof of claim in a different amount or status on or before the expiration of 90 days from the date first set for meeting of creditors. The meeting of creditors was held on October 18, 2001. Claims listed as disputed, contingent, or unliquidated will not be allowed unless a proof of claim with all supporting documents is filed prior to the expiration of 90 days from the first meeting of

creditors. In the event a creditor has filed a proof of claim in these proceedings with which the Debtor disagrees, the Debtor shall file an objection to said claim as designated in the Post Confirmation Certificate.

Any proof of claim which is not timely filed shall be of **no** force and effect. No distribution will be made to any creditor that has not timely complied with this provision.

## XIII

## TRANSFER OF CLAIMS

In the event that any creditor shall transfer its claim, it shall do so only in compliance with Bankruptcy Rule 3001, and it shall promptly notify the Debtor in writing of such transfer. The Debtor shall be entitled to assume that no such transfer of any claim has been made by any creditor until after compliance and receipt of notice. Each transferee of any claim shall take the claim subject to the provisions of the plan and to any request made, waiver or consent given, or other action taken under the Plan; and except as expressly otherwise provided in the notice. The Debtor shall be entitled to assume conclusively that the transferee named in the notice shall thereafter be vested with all rights and powers under the Plan of the transferor with respect thereto.

## XIV

## SPECIFIC CONSIDERATIONS IN VOTING

All of the foregoing give rise in the instant case to the following implications and risks concerning the Plan.

The stay of actions and lien enforcement and all other matters provided for by Bankruptcy Code §362 shall remain effective and in full force until consummation of this Plan.

DATED: this 31 day of January, 2002

Lattice Communications, Inc.

By: *Richard K. Koseluk*
Debtor-in-Possession
Richard Koseluk., President

OF COUNSEL:

*[signature]*

FUQUA & KEIM, L.L.P.
Richard L. Fuqua
Texas Bar #07552300
Phillip H. Trueba
Texas Bar #24005582
2777 Allen Parkway, Ste. 4850
Houston, Texas 77019
Telephone (713) 960-0277
Facsimile (713) 960-1064