United States Courts
Southern District of Texas
ENTERED

MAY 1 6 2002

Michael N. Milby, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

IN RE:                                  §
                                        §
LATTICE COMMUNICATIONS, INC.            §          CASE NO. 01-80358-G3-11
                                        §              (Chapter 11)
DEBTOR                                  §

ORDER CONFIRMING DEBTOR'S
CHAPTER 11 PLAN OF REORGANIZATION

At Houston, in said District, came on for hearing on May 14, 2002, the Plan of

Reorganization, that was filed by the above-referenced Debtor on February 13, 2002 (the

"Plan").

After considering the pleadings, and based on the announcements of Debtor's counsel

and Debtor's Certificate of Mailing, the Court finds that the Debtor has complied with the

provisions of FRBP 3017 and BLR 3017 by mailing a true and correct copy of (1) the Plan,

(2) the Disclosure Statement, (3) the Order Approving Debtor-in-Possession's Disclosure

Statement, Fixing Deadline for Voting on Second Amended Plan and Setting Confirmation

Hearing, and (4) a Ballot for Accepting or Rejecting the Plan to all creditors, parties in

interest, and equity security holders of the Debtor.

The Court therefore finds and has determined that:

(1)     On August 29, 2001 (the "Petition Date), the Debtor filed a petition for relief
        under Chapter 11 of the Bankruptcy Code.

(2)     Since the Petition Date, the Debtor has continued to operate its business as
        debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy

Lattice Communications, Inc., Confirmation Order

40

Code.

(3)     the Plan complies with the applicable provisions of Title 11 U.S.C. § 101 et seq.;

(4)     the proponent of the Plan, i.e., the Debtor, has complied with the applicable provisions of Title 11 U.S.C. § 101 et seq.;

(5)     the Plan has been proposed in good faith and not by any means forbidden by law;

(6)     Notice of (i) the time for objections to confirmation of the Plan and (ii) the Confirmation Hearing was given in accordance with Rule 2002(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Disclosure Statement Order and no further notice is required.

(7)     all payments made or promised by Debtor under the Plan for services of, for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court;

(8)     the Plan has been accepted by all classes casting ballots;

(9)     the Plan provides for the treatment of claims or interests in accordance with 11 U.S.C. § 1129(a)(9);

(10)    the Plan is fair, equitable and feasible and is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, unless such liquidation or reorganization is proposed in the Plan;

Now, upon the Motion of the Debtor and after due deliberation, the Court hereby

ORDERS, ADJUDGES AND DECREES that:

1.      Debtor's Plan of Reorganization filed by the Debtor be, and hereby is, confirmed.

2.      The provisions of the Plan shall be binding upon the Debtor and upon all

creditors and equity security holders, whether or not such creditors or equity security holders are affected by the Plan or have accepted it or have filed proofs of claims and whether or not their claims have been scheduled or allowed or are allowable.

3.      Subject to the further directions of the Court, the Debtor is directed to comply with the provisions of the Plan and to take all steps necessary to consummate said Plan, and all creditors, all parties-in-interest herein are directed to take all action required for the consummation of said Plan.

4.      All creditors of the Debtor, all persons participating in these proceedings, and all other persons, are hereby permanently enjoined and restrained from doing any act or taking any action interfering with or tending to interfere with these proceedings or with the enforcement of or the carrying out of the terms and provisions of the Plan or from interfering with the Orders of this Court relative thereto, or from asserting, contrary to the provisions of said Plan and of the Bankruptcy Code, any right, title interest or claim, including the commencement or prosecution of any action, suit or proceeding.

5.      All property owned by the bankruptcy estate, including but not limited to all causes of action asserted or assertable by any creditor as a creditor of the Debtor, shall vest in the Reorganized Debtor.   The property of the bankruptcy estate vesting in the Reorganized Debtor shall be held by the Reorganized Debtor free and clear of all claims of creditors, whether or not such claims are provable and whether secured or unsecured, liquidated or unliquidated, fixed or contingent, except as otherwise expressly provided for

in the Plan.

6.      In accordance with section 524 of the Bankruptcy Code, this Order operates

as an injunction against the commencement or continuation of an action, employment of

process, or an act, to collect, recover or offset any such debt or Claim as against the Debtor

or the Reorganized Debtor.

7.      From and after the Effective Date, the Reorganized Debtor may use, operate,

transfer, release or settle any of its assets, without any supervision by the Bankruptcy Court

or the Office of the United States Trustee, and free of any restrictions imposed on the Debtor

by the Bankruptcy Code or by the Court during this chapter 11 case.

8.      The Court shall, in its own discretion, retain jurisdiction of this Chapter 11

case pursuant to the terms and as provided in the Plan and for the purposes set forth in

Section 1127(b) of the Code.

9.      Unless withdrawn with prejudice, all objections to confirmation of the Plan

(if any) are overruled and denied by this Court.

10.     The reorganized debtor shall be responsible for timely payment of U.S.

Trustee's fees incurred post-confirmation until the case is closed.

11.     The reorganized debtor shall file the monthly operating reports in the same

format as pre-confirmation, with service on the United States Trustee for each month (or

portion thereof) that the case remains open.

12.     To the extent that any provision designated herein as a Finding of Fact is more

properly characterized as a Conclusion of Law, it is adopted as such.  To the extent that any

provision designated herein as a Conclusion of Law is more properly characterized as a

Finding of Fact, it is adopted as such.  The provisions of this Order are integrated with each

other and are nonseverable and mutually dependent.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that

13.     <u>Objections to Confirmation of the Debtor's Plan of Reorganization</u>: Objections

to the Debtor's Plan of Reorganization filed by the Texas Comptroller of Public Accounts

("Comptroller"), Heller First Capital Corporation ("Heller"), and Sunrise International

Leasing Corporation ("Sunrise"), are resolved and withdrawn by agreement of the parties

and the Debtor to incorporate certain non-material modifications to the plan into this

Confirmation Order, as follows:

a.      **"Class 3 - Allowed Priority Tax Claims.** Class 3 is unimpaired.  All claims
in this class shall be paid in accordance with 11 U.S.C. § 1129(a)(9)(c) when
such claims are allowed and approved by the Court after the Effective Date at
8% annual interest.  In the event a Class 3 Claim is objected to by the Debtor,
equal monthly payments shall commence 30 days after the Order allowing
such claim is entered by this Court, for a period not to exceed 48 months.
Notwithstanding anything else to the contrary in the Plan or this Confirmation
Order, the following provisions shall apply to the claims of the Texas
Comptroller of Public Accounts: (1) the correct amount of the claims of the
Texas Comptroller shall be determined by agreement of the Debtor and the
Comptroller or pursuant to the resolution of a claim objection filed by the
Debtor; (2) the claims of the Comptroller shall accrue interest at the rate of 8%
per annum from and after the Effective Date; (3) the claims of the Comptroller
shall be paid in equal monthly installments over a period not to exceed 48
months; (4) payments to the Comptroller on its claims shall commence within
30 days after the Effective Date or within 30 days after entry of an Order
allowing its claims, whichever is earlier; (5) nothing provided in the Plan or

this Confirmation Order shall affect or impair any setoff rights of the Comptroller.

b.   **"Default Provision for Taxing Authorities.**   As related to the taxing authorities, Default shall occur if one scheduled Plan payment is not made by Debtor or its current taxes are not paid timely pursuant to state law.   In the event of default, Respondent shall send written notice of default to Debtor's attorney.   If the default is not cured within ten (10) days after notice of default is received, Respondent shall proceed with state law remedies for collection of all amounts due under Texas state law."

c.   "The Confirmation of the Plan of Reorganization does not adjudicate, bar or disallow Sunrise International Leasing Corporation's ("Sunrise") Motion for Allowance and Payment of Administrative Claim.   To the extent that Sunrise is allowed an administrative expense claim in this case through order of the Court, such claim shall be paid in cash in full when such claim is allowed and approved by the Court after the Effective Date."

SIGNED this /4 day of May, 2002.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

APPROVED FOR ENTRY:
FUQUA & KEIM, L.L.P.

By: _____
Richard L. Fuqua
State Bar No. 07552300
Phillip H. Trueba
State Bar No. 24005582
2777 Allen Parkway, Ste 480
Houston, Texas 77019
Telephone  (713) 960-0277
Telecopier (713) 960-1064

Attorneys for Debtor

By: _Jay Hurst  w/ permission  Phillip Linch_

Jay W. Hurst
State Bar No. 10315620
Assistant Attorney General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711
Telephone (512) 475-4861
Telecopier (512) 482-8341

Attorneys for the Texas Comptroller
of Public Accounts

By: _David Elder  w/ permission  Phillip Linch_

David S. Elder
State Bar No. 06507700
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone  (713) 276-5750
Telecopier (713) 276-6750

Attorney-In-Charge for
Heller First Capital Corp.

By: _Jeffry Hirsch  w/ permission  Phillip_

Jeffrey M. Hirsch
State Bar No. 09716300
109 North Post Oak Lane, Suite 300
Houston, Texas, 77024
Telephone  (713) 735-8552
Telecopier (713) 785-2091

Attorney for Sunrise International
Leasing Corporation

By: _____

    Jay W. Hurst
    Assistant Attorney General
    Bankruptcy & Collections Division
    P. O. Box 12548
    Austin, TX 78711
    Telephone (512) 475-4861
    Telecopier (512) 482-8341

    Attorneys for the Texas Comptroller
    of Public Accounts

By: _____

    David S. Elder
    State Bar No. 06507700
    1000 Louisiana, Suite 3400
    Houston, Texas 77002-5007
    Telephone  (713) 276-5750
    Telecopier (713) 276-6750

    Attorney-In-Charge for
    Heller First Capital Corp.

By: _____

    Jeffrey M. Hirsch
    State Bar No. 09716300
    109 North Post Oak Lane, Suite 300
    Houston, Texas, 77024
    Telephone  (713) 735-8552
    Telecopier (713) 785-2091

    Attorney for Sunrise International
    Leasing Corporation

By: _____

     Jay W. Hurst
     Assistant Attorney General
     Bankruptcy & Collections Division
     P. O. Box 12548
     Austin, TX 78711
     Telephone (512) 475-4861
     Telecopier (512) 482-8341

     Attorneys for the Texas Comptroller
     of Public Accounts

By: _____

     David S. Elder
     State Bar No. 06507700
     1000 Louisiana, Suite 3400
     Houston, Texas 77002-5007
     Telephone  (713) 276-5750
     Telecopier (713) 276-6750

     Attorney-In-Charge for
     Heller First Capital Corp.

By: _____

     Jeffrey M. Hirsch
     State Bar No. 09716300
     109 North Post Oak Lane, Suite 300
     Houston, Texas, 77024
     Telephone  (713) 735-8552
     Telecopier (713) 785-2091

     Attorney for Sunrise International
     Leasing Corporation

By: _____

    Jay W. Hurst
    State Bar No. 10315620
    Assistant Attorney General
    Bankruptcy & Collections Division
    P. O. Box 12548
    Austin, TX 78711
    Telephone (512) 475-4861
    Telecopier (512) 482-8341

    Attorneys for the Texas Comptroller
    of Public Accounts

By: _____

    David S. Elder
    State Bar No. 06507700
    1000 Louisiana, Suite 3400
    Houston, Texas 77002-5007
    Telephone (713) 276-5750
    Telecopier (713) 276-6750

    Attorney-In-Charge for
    Heller First Capital Corp.

By: _____

    Jeffrey M. Hirsch
    State Bar No. 09716300
    109 North Post Oak Lane, Suite 300
    Houston, Texas, 77024
    Telephone (713) 735-8552
    Telecopier (713) 785-2091

    Attorney for Sunrise International
    Leasing Corporation